**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff - Appellee,<br><br> v.<br><br>MATTHEW BLACK EAGLE,<br><br>   Defendant - Appellant. | Nos. 13-30050<br>    13-30292<br><br>D.C. No. 4:12-cr-00032-DLC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted June 25, 2014[**]

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

  In these companion cases, Matthew Black Eagle appeals from the district

court's judgment revoking probation and its subsequent judgment revoking

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

  In Appeal No. 13-30050, Black Eagle contends that the two-year term of

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supervised release imposed on February 20, 2013, was substantively unreasonable. In Appeal No. 13-30292, Black Eagle contends that the 18-month term of supervised release imposed on October 9, 2013, was substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The terms of supervised release were substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Black Eagle's history of drug and alcohol abuse. *See* U.S.S.G. § 5D1.1 cmt. n.3(C); *Gall*, 552 U.S. at 51.

In both appeals, Black Eagle contends that the district court erred by imposing certain conditions of supervised release, including the standard condition that he report to a probation officer and five special conditions related to drug and alcohol use, because those conditions are not reasonably related to his offense of conviction. The district court did not abuse its discretion by imposing the challenged conditions. *See United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003) ("[A] condition of supervised release need not relate to the offense as long as the condition satisfies the goal of deterrence, protection of the public, or rehabilitation.").

**AFFIRMED.**